**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. DKC-22-429** |
| | * | |
| **OJ RASHAD GREEN,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

***********

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MEMORANDUM IN SUPPORT OF PRETRIAL RELEASE**

The Government has amassed evidence that the Defendant, OJ Rashad Green, was a major distributor of fentanyl in the Accokeek, Maryland area, running a sophisticated criminal operation employing multiple couriers and employees to sell narcotics from his home and other locations. The Defendant employed a host of effective techniques to evade concerted law enforcement efforts, suggesting that any third-party custodian would be unable to monitor the Defendant's activities adequately. The Defendant presents a danger to the community if released and the Court should continue pretrial detention.

Defense counsel in their Memorandum in Support of Request for Pretrial Release lays out what is essentially a policy argument against application of the "detention presumption" in certain cases. ECF 25. Defense counsel agrees the detention presumption applies here. *Id*. at 2. In short, the Government submits that the various policy arguments asserted in the Defendant's Memorandum do not demonstrate why, in this case, the Defendant should be detained pending trial. This is not an edge case for the reasons stated below, as well as reasons the Government plans to raise at the Defendant's detention hearing on June 9, 2023 at 9:00 am.

## Factual Background

The Defendant was a large supplier of fentanyl to the Accokeek, Maryland area and beyond. An extensive law enforcement investigation dating back to late 2021 learned that the Defendant ran a large-scale operation from his home in Accokeek, Maryland. Surveillance of the Defendant's residence revealed that multiple customers would arrive at the residence throughout the day and night to make purchases. The Defendant employed multiple individuals to measure and separate the drugs as they were being sold as well as runners to meet customers on the street or elsewhere in Accokeek, such as retail parking lots. He also supplied drugs to other dealers, spreading the potential harm of his fentanyl distribution outside of the immediate Accokeek area.

The Defendant was indicted on two counts of distribution of fentanyl as a result of two separate controlled buys from the defendant on January 31, 2022 and September 28, 2022. Other controlled buys of fentanyl from the Defendant occurred, but those have not yet been charged. Each of the controlled buys occurred at the Defendant's home in Accokeek, Maryland.

In addition, law enforcement is investigating two overdose deaths which occurred on February 7, 2022 and February 14, 2022, and are believed to have been caused by fentanyl sold by the Defendant. At this time, the Government is prepared to charge the Defendant with causing one of these deaths.

Finally, the Government has evidence from jail calls that, despite his incarceration, the Defendant has continued to communicate with subordinates regarding his drug business, in particular he has advised individuals living at his home in Accokeek, Maryland where to hide the "stash", which law enforcement took to mean a quantity of drugs.

## Analysis of 18 U.S.C. § 3142(g) Factors

The totality of the circumstance compel continued detention of the Defendant.

*Nature and Circumstances of the Offenses Charged*: Extremely strong evidence shows that the Defendant is a fentanyl dealer. The defendant was arrested in the context of a nationwide drug overdose epidemic that took the lives of 106,000 people in 2021.[1] The National Institute of Health attributes 70,601 of those deaths to fentanyl.[2] Distribution of fentanyl puts the community at extreme risk due to its highly addictive nature and the associated danger of overdose death, particularly since fentanyl, in liquid, pill or powder form, can be difficult to measure, leading to imprecise dosage when taken. Batches of fentanyl have variable strengths and purity. They are also increasingly combined with other substances to make them more addictive or potent, a fact a user may not know when taking a given dose of a substance containing fentanyl. All these risk factors are known to dealers who choose to deal in this incredibly dangerous substance. This Defendant, in particular, should know the dangers of fentanyl, since the Government submits he is responsible for at least one overdose related to his fentanyl distribution. Despite that death, the Defendant continued dealing this lethal drug, putting countless lives at risk.

*Weight of Evidence Against the Person*: As discussed above, the weight of the evidence against the Defendant is strong and weighs in favor of detention. The evidence includes recorded audio and video of drug purchases from the Defendant as well as witness testimony.

*History and Characteristics of the Person*: The Defendant has a long history of involvement with the criminal justice system, including several convictions in Maryland for Possession of a Controlled Substance (2007), Trespass (2012), and First-Degree Assault (2019). This criminal history across a long period of time weigh in favor of detention.

[1] Drug Overdose Death Rates, National Institute of Health, https://nida.nih.gov/research-topics/trends-statistics/overdose-death-rates (last accessed June 8, 2023).
[2] *Id.*

_Nature and Seriousness of the Danger to Any Person or the Community_: This factor strongly favors detention. The evidence laid out demonstrates that the Defendant has a significant drug operation waiting for him, should he be released, and that he would pose an extreme danger to the community should he resume distribution of fentanyl. He has previously run a fentanyl-distribution operation out of his house and there is no reason why he could not continue to do so out of the home of his proposed third-party custodian, Latisha Battle, who will be gone a significant amount of the time. This is particularly true given that the Defendant has a network of subordinates who can carry out drug sales on his behalf such that transactions would be invisible to Ms. Battle. It is also worth noting that Ms. Battle has an arrest for distribution of heroin in Maryland on her record which, although not a conviction, does raise further questions about her suitability as a custodian under the circumstances.

**CONCLUSION**

For the reasons stated above, and for any others presented at the detention hearing, there is no condition or combination of conditions that would reasonably assure the safety of the community, and the Defendant should be detained pending trial.

Respectfully submitted,

Erek L. Barron
United States Attorney
District of Maryland

By: /s/
Darren S. Gardner
Leah B. Grossi
Assistant United States Attorneys
6106 Ivy Lane
Greenbelt, Maryland 21201
(240) 736-7801